REQUESTED BY: Ted Stutheit, Interim Director State Electrical Division
You have asked whether the State or the city of Omaha is responsible for the electrical inspection of a building slated for construction in the area between the former University Hospital and the former Clarkson Hospital. You have advised that a portion of the building is to be built on land owned by the State of Nebraska and the remainder on land owned privately. The property is entirely within Omaha city limits.
According to Neb. Rev. Stat. § 81-2125(1) (1999):
State inspection shall not apply within the jurisdiction of any county, city, or village which provides by resolution or ordinance standards of electrical wiring and its installation that are not less than those prescribed by the board or by the State Electrical Act and which further provides by resolution or ordinance for the inspection of electrical installations within the limits of such subdivision by a certified electrical inspector. No person other than the holder of an electrical inspector's certificate of qualification shall be appointed to act as electrical inspector and to enforce the act as electrical inspector and to enforce the act or any applicable resolution or ordinance within his or her jurisdiction. A copy of the certificate of each electrical inspector shall be provided to the board by the political subdivision issuing the certificate.
You advise that the city of Omaha has an approved standards and inspection program.
 I.
On its face, Neb. Rev. Stat. § 81-2125 makes no exception for State property or State buildings. Nevertheless, our office has taken the position that such an exception exists. This is evidenced by several opinions rendered over the years. See 4/1/76 letter to Executive Director Spore, Op. Att'y Gen. No. 180 (1/25/82) (involving construction of state correctional center in Omaha), 12/1/85 letter to Executive Director Crowl (concluding that electrician must be licensed by state, not only by city, in order to work at UNL), and 1/17/92 letter to Executive Director Crowl (concluding that municipality does not have authority to inspect county-owned building situated within the municipality).
The conclusion that State property and State buildings are exempt was rooted in the sovereignty of the State and the related principle that a waiver of such sovereignty requires a clear and express statement by the Legislature. It was not believed that Neb. Rev. Stat. § 81-2125
reflected a clear and express intention to subject state buildings to municipal electrical inspection. Also mentioned in one or more of the opinion letters was that the municipality's power is limited to matters of local concern, whereas the construction of a state building is a matter of state-wide concern.
Electrical Board Rule No. 15 (100 NAC Rule 15) appears to acknowledge the aforementioned principles in its second paragraph, set forth below:
 The provisions of Section 81-2125 of the State Electrical Act shall not apply to State of Nebraska owned buildings and property, and public educational facilities. These installations shall remain subject to State electrical inspection regardless of location.
Similarly, Electrical Board Rule No. 16 (100 NAC Rule 16), indicates that a political subdivision with an approved inspection program will be authorized to inspect residential, commercial, industrial, and public-use buildings within that political subdivision, but the rule reserves for state inspection the properties identified in Rule 15.
 II.
The answer to your question, then, appears to turn upon whether the building in question, and perhaps the land on which it is situated, is owned by the State. Counsel for the University and counsel for the Nebraska Health System were consulted for information about the project. They graciously provided the following details.
The construction at issue is a medical clinic, to be called the Clinical Center of Excellence. University interests, which may include the Board of Regents and the University of Nebraska Foundation, are expected to contribute about one-half of the construction costs and the Clarkson Foundation the other half, with possible contributions from private sources and federal grants. The building will be owned by Nebraska Health System (NHS), a private non-profit corporation governed by a board of directors comprised of an equal number of Clarkson Foundation and University of Nebraska Medical Center appointees.
The new clinic is to be a multi-story structure connecting the former Clarkson Hospital and the former University Hospital. Both hospitals are already part of NHS. NHS leases the former Clarkson Hospital from the Clarkson Foundation and the former University Hospital from the Board of Regents. The new connector clinic will be built around, or replace, an existing covered walkway between the two hospitals.
The Board of Regents and Clarkson Foundation board have also leased to NHS the land on which the connector building is to be situated. The portion owned by the University of Nebraska Medical Center or Board of Regents includes the land under and around the former University Hospital. This parcel was said to extend to the center line of the now vacated Dewey Avenue, where it abuts the Clarkson property. The land lease is for 99 years.
There is no provision for renewal of the lease at the end of the term. If the building housing the planned clinic is still standing at the end of the lease, the lease provides for the University or Board of Regents and the Clarkson Foundation to each receive an undivided one-half interest in the building.
 III.
In an opinion letter to Executive Director Carlson dated August 16, 1995, involving light poles and traffic lights, this office wrote that electrical inspections are not required on installations on state property, except for buildings, their appurtenances, and the area immediately surrounding such buildings and appurtenances. Therefore, for purposes of your inquiry, it is believed that the focus should be on the ownership of the new building rather than on the ownership of the land on which the clinic is to be built. The building is to be owned by a private, non-profit, corporation. In the context of tort claims against the state, this office has taken the position that NHS is not an agency of the state. Although the state will arguably have a say in the operations due to the composition of NHS's board of directors, it will not be a state building. Even if the ownership of the underlying land were to be considered, the 99-year lease indicates a significant shift away from state control.
For these reasons, it is believed that regulation of the electrical installation at this building rests with the city of Omaha.
Yours truly,
 JON BRUNING Attorney General
 Mark D. Starr Assistant Attorney General
Approved by:
_____________________________ Attorney General